UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROXANNE R.,                                             Case No. 23-CV-2531 (PJS/JFD)

          Plaintiff,

v.                                                                  ORDER

MARTIN J. O'MALLEY, Commissioner of
Social Security,

          Defendant.

      Bryan Konoski and Kira Treyvus, KONOSKI & PARTNERS, P.C., and James H. Greeman, GREEMAN TOOMEY, for plaintiff.

      Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, and James D. Sides and Sophie Doroba, SOCIAL SECURITY ADMINISTRATION, for defendant.

      Plaintiff Roxana R. filed this action seeking judicial review of a final decision by defendant Commissioner of the Social Security Administration ("SSA") denying her application for disability insurance benefits and supplemental security income. This matter is before the Court on plaintiff's objection to the July 25, 2024, Report and Recommendation ("R&R") of Magistrate Judge John F. Docherty. Judge Docherty recommends affirming the SSA's denial. The Court has conducted a *de novo* review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules plaintiff's objection and adopts the R&R except insofar as it is inconsistent with this order.

The Court agrees with plaintiff that there is a difference between a "superficial" social-interaction limitation and an "occasional" social-interaction limitation. *See, e.g., Charlita N. v. O'Malley*, Case No. 23-CV-1283 (NEB/DTS), 2024 WL 1667155, at *1 (D. Minn. Apr. 15, 2024) (citation omitted). But in formulating the RFC, the ALJ was not required to adopt all of the limitations proposed by reviewing experts. *Heather C. v. Kijakazi*, No. 23-cv-484 (ECT/DJF), 2023 WL 8282059, at *4 (D. Minn. Nov. 30, 2023) (citation omitted). And, in fact, the ALJ explicitly rejected portions of the state agency's opinions—including mild limitations in certain paragraph "b" criteria—and found the opinions persuasive only "to the extent that the state agency opines to moderate limits." Admin. R. 44–45, ECF No. 7. The ALJ did not purport to adopt the exact narrative form of plaintiff's moderate social-interaction limitations as proposed by the state agency reviewers.

The social-interaction limitations included in the RFC—as well as the decision to omit certain limitations from the RFC—are supported by substantial evidence considering the record as a whole. Insofar as plaintiff challenges the sufficiency of the ALJ's explanation for her decision to omit a "superficial" limitation, "a deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency had no practical effect on the outcome of the case." *Vance v. Berryhill*, 860 F.3d 1114, 1118 (8th Cir. 2017) (quoting *Senne v. Apfel*, 198 F.3d 1065, 1067

(8th Cir. 1999)). At bottom, the Court concludes that the ALJ committed no legal error, that the social-interaction limitations in the RFC are supported by substantial evidence, and the omission of a "superficial" limitation had no practical impact on the ultimate resolution of the case. The SSA's denial of benefits is affirmed.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The plaintiff's objection [ECF No. 19] is OVERRULED.

2. The Report and Recommendation [ECF No. 17] is ADOPTED insofar as it is consistent with this order.

3. The plaintiff's request for relief [ECF No. 10] is DENIED.

4. The defendant's request for relief [ECF No. 16] is GRANTED.

5. The complaint [ECF No. 1] is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 10, 2024      s/Patrick J. Schiltz
                               Patrick J. Schiltz, Chief Judge
                               United States District Court